## COOPER v. SUN PRINTING & PUBLISHING ASS'N.

### (Circuit Court, S. D. New York. September 27, 1893.)

**LIBEL—EXCESSIVE VERDICT—MOTION TO SET ASIDE.**

The damages which a jury may award in an action for libel being not only compensatory, but, where malice or its equivalent (gross negligence) is found, also punitive or exemplary, the court will not set aside a verdict of $2,500 in favor of the plaintiff, a girl of 16, for a libel published in a newspaper charging her with having eloped with a married man.

At Law. Action by Caroline Cooper, an infant, by her next friend, against the Sun Printing & Publishing Association, for damages for the publication of a libel in the Sun newspaper of October 3, 1891, charging the plaintiff, a girl of 16, and a resident of Danbury, Conn., with having eloped with Charles W. Bennett, a married man. The jury returned a verdict for the plaintiff for $2,500. Motion to set aside verdict as excessive. Denied.

Thomas E. Rochfort, for plaintiff.
Franklin Bartlett, for defendant.

LACOMBE, Circuit Judge. That in actions for libel the damages which a jury may award may be not only compensatory, but, where malice or its equivalent (gross negligence) is found, may be punitive or exemplary, seems to be a proposition so abundantly settled by authority as to call for no extended discussion. The excerpts from the charge to which defendant on this motion calls attention correctly state that proposition; and, for any error in

charging, the defendant has his remedy by writ of error. The only question to be now determined is whether or not the verdict of $2,500 was excessive. It was left to the jury to say whether or not the defendant had manifested such reckless indifference to the rights of others as would call for punitive damages, and it must be assumed that they found against it on that question. That being so, there is no way in which the court can ascertain how much of the verdict represents what they considered compensation to the plaintiff, and how much of it represents what they considered a proper punishment by way of example. Taking both elements of damage into consideration, the amount found is not so clearly excessive as to warrant the court in disturbing the finding of the jury, which, under our system of jurisprudence, is specially charged with the determination of that question.